IN THE UNITIED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STEVENS TRANSPORT, INC., | § | |
| PARAGON LEASING, L.P. and | § | |
| STEVENS TRANSPORT DRIVER | § | |
| ACCIDENT/INJURY PLAN | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| GLOBAL TRANSPORT, L.L.C, | § | |
| PATRICIO ESPINOSA-HERZBERG | § | |
| Defendants | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, Plaintiffs, **STEVENS TRANSPORT, INC, PARAGON LEASING, L.P. and STEVENS TRANSPORT DRIVER ACCIDENT/INJURY PLAN**, and files this Plaintiffs' Original Complaint complaining of Defendants, **GLOBAL TRANSPORT, L.L.C. AND PATRICIO ESPINOSA-HERZBERG** and in support thereof would respectfully show the court as follows:

**A. Parties**

1. Plaintiff, **STEVENS TRANSPORT, INC.**, (hereafter **STI**) is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Dallas, Texas.

2. Plaintiff, **PARAGON LEASING, L.P.,** (hereafter **PARAGON**) is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business in Dallas, Texas.

3. Plaintiff, **STEVENS TRANSPORT DRIVER ACCIDENT/INJURY PLAN,** (hereafter **THE PLAN**) is an ERISA plan with its principal place of business in Dallas, Texas.

4. Defendant, **GLOBAL TRANSPORT, L.L.C., (**hereafter **GLOBAL**) is a Limited Liability Company organized and existing under the laws of the State of Oregon, whose only member, Mikhail M. Aleksik is not a citizen of the State of Texas, rather a citizen of the State of Oregon.  Defendant may be served through its registered agent for service Mikhail M. Aleksik, 1805 SE Harrison Street, Portland, Oregon 97233.

5. Defendant, **PATRICIO ESPINOSA-HERZBERG** (hereafter **HERZBERG)**, is a resident of Oregon who may be served with process at 6625 SE Apple Street, Milwaukee, Oregon 77222.

## B.  Jurisdiction

6. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and all the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  Venue is appropriate in the Eastern District of Texas as the accident at issue occurred on Interstate 20 in Gregg County, Texas.

## C.  Facts

7. This lawsuit results from a collision that occurred on January 9, 2015, on Interstate Highway 20 in Gregg County, Texas.  Robert Harris, an employed driver of **STI,** was driving a tractor and trailer vehicle owned by **PARAGON** when he struck a trailer, owned by Defendant **GLOBAL,** which obstructed a portion of IH 20 and was illegally

parked partly on the side of IH 20.  Defendant, **HERZBERG,** had parked the tractor and trailer illegally in order to urinate in a bottle.

8. Defendant, **HERZBERG**, was an employee of Defendant, **GLOBAL** and was acting in the course and scope of his employment at the time of the accident.

9. Alternatively, Defendant, **HERZBERG,** was a statutory employee of Defendant, **GLOBAL,** as he was operating the tractor trailer in interstate commerce under the statutory authority of Defendant **GLOBAL.**  Defendant, **HERZBERG**, was acting within his statutory employment at the time of the incident.

10. As a result of the impact, **PARAGON** suffered damages to its property and resulting expenses as a result of the negligence of Defendants.

11. As a result of the impact, **STI**'s customer's cargo was a total loss and **STI** was required to reimburse its customer for the reasonable value of the cargo.

12. Robert Harris, **STI'S** employee, suffered injuries in the incident.  As a result, the **PLAN** has incurred medical and wage indemnity obligations and expenses.

### D.  Count 1 – Negligence

13. At the time of the accident, Defendant, **HERZBERG**, was negligent in that he parked his tractor in a manner that blocked a portion of IH 20.  Defendant had a duty to exercise ordinary care to operate his vehicle reasonably and prudently.  Defendant breached that duty in one or more of the following ways:

    a. Stopping his vehicle on the shoulder so that it blocked a portion of the travel lanes of IH 20;

    b. Failing to stop his tractor trailer in such a manner that it did not block the traveled portion of IH 20;

    c. Failing to exit IH 20 before stopping to urinate;

    d. Choosing not to exit IH 20 and take advantage of a restroom at a nearby service station;

    e. Failing to activate his running lights while parked in the traveled portion of IH 20;

    f. Failing to select a safer place to stop his tractor trailer and urinate;

    h. Failing to activate his four way flashing lights while parked in the traveled portion of IH 20.

### E. Respondeat Superior and Vicarious Liability

14. At the time of the collision in question, Defendant, **HERZBERG,** was the agent, servant or employee of Defendant **GLOBAL**, who, on the occasion in question, was in the trucking transportation business. Defendant, **GLOBAL**, was a proprietor, charterer, or hirer of a vehicle for the transportation of goods. Based on the common law doctrine of Respondeat Superior as well as Federal and State Transportation laws and regulations, Defendant, **GLOBAL** is responsible and liable for the acts of Defendant, **HERZBERG.**

15. In the alternative, and without waiver, damages to the Plaintiff were proximately caused by the negligence of Defendant, **GLOBAL,** in the following particulars.

    a. Defendant, **GLOBAL** failed to properly hire **HERZBERG**.

    b. Defendant, **GLOBAL,** failed to properly supervise, instruct and train **HERZBERG**, to avoid stopping his vehicle in the travel lanes.

    c. Defendant, **GLOBAL,** failed to properly supervise, instruct and train **HERZBERG** regarding permitted hours of service and fatigue.

### F. Damages

16. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered the following injuries and damages:

    a.  **PARAGON** suffered damage to the tractor and trailer based on the fair market value of the tractor and trailer at the time of the incident;

    b.  **STI** suffered damages as a result of the complete destruction of the cargo and freight;

    c.  **STI** incurred expenses as a result of the accident, including hazardous materials clean-up costs and other miscellaneous expense;

    d.  **THE PLAN** has incurred expenses and obligations related to the care of Robert Harris.

The damage and loss to Plaintiffs easily exceeds the minimum jurisdictional amount of $75,000.00.

### G. Jury Trial

17. Plaintiffs request a trial by a jury of their peers.

### H. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, **STEVENS TRANSPORT, INC, PARAGON LEASING, L.P. and STEVENS TRANSPORT DRIVER ACCIDENT/INJURY PLAN** pray that Defendants be cited to appear herein and for judgment against Defendants for the damages in a sum and amount sufficient to compensate Plaintiffs for their losses herein, and for such other and further relief, at law or in equity, to which the Plaintiffs are entitled.

Respectfully submitted,

_____
WARREN T. MCCOLLUM
SBN:   24013127
FENLEY & BATE, L.L.P.
P.O. Box 450
Lufkin, Texas 75902-0450
TPN:   (936) 634-3346
FXN:   (936) 639-5874
*Email: wmccollum@fenley-bate.com*

**ATTORNEYS FOR PLAINTIFFS STEVENS TRANSPORT, INC., PARAGON LEASING, L.P. & STEVENS TRANSPORT ACCIDENT/INJURY PLAN**